UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY KNOCKUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 10530 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| DETECTIVE DIGNAN #920, DETECTIVE ) | |
| BOHLSEN #934, DETECTIVE GRAY #975, ) | |
| and COUNTY OF COOK, a Municipal Corp., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court grants Defendants' motion to dismiss [24]. The Court dismisses Plaintiff's first amended complaint without prejudice. Plaintiff should file any second amended complaint by March 13, 2026. See Statement.

## STATEMENT

Plaintiff Rodney Knockum filed this civil rights lawsuit against Defendants Detective Dignan #920, Detective Bohlsen #934, Detective Gray #975, and the County of Cook (the "County"). In his first amended complaint, Knockum alleges the following: on October 11, 2018, Eddie Appleton was shot and killed in Robbins, Illinois. The following day, Detectives Dignan, Bohlsen, and Gray (collectively, the "Defendant Officers") arrested Knockum for Appleton's murder without probable cause and then conspired to charge him with murder by "author[ing] false statements in sworn police reports and criminal complaints, fabricat[ing] evidence and ma[king] false statements to prosecutors." Doc. 11 ¶ 8. The State charged Knockum with multiple felonies, including first degree murder, and he remained in custody through his trial. On October 18, 2022, Knockum received a not guilty verdict on all counts. Based on these factual allegations, Knockum brings claims against the Defendant Officers for deprivation of liberty based on false information in violation of the Fourth Amendment and conspiracy. He also brings an indemnification claim against the County. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Knockum has only provided conclusory allegations that do not provide them with sufficient notice of his claims.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a claim for fabrication of evidence, Knockum must allege that the Defendant Officers knowingly, intentionally, or with reckless disregard for the truth made false statements that were necessary to his criminal prosecution and pretrial detention. *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019). Knockum contends that he has provided sufficient information to state such a claim, giving the date of his arrest, the criminal case number, and the outcome of the criminal case. Further, Knockum maintains that the specifics of the murder investigation are contained in reports that he attached to his original complaint, which should provide the Defendant Officers with sufficient information to prepare a defense. But the Court disagrees. Initially, the Court cannot consider the reports that Knockum attached to his original complaint, as he did not incorporate them into his first amended complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). But even were the Court to consider the reports in combination with Knockum's first amended complaint, the Court would still find that Knockum has not provided sufficient facts to suggest that he is entitled to relief. Merely labeling the report and other unspecified statements as "false" does not notify Defendants or the Court of the statements or evidence on which Knockum bases his claim of falsity. Further, Knockum has not provided the Court with any details about Appleton's murder, the investigation, his arrest, and his trial that would suggest that these unspecified false statements were necessary to his prosecution and detention. Without such information, Knockum's allegations are too vague and conclusory to satisfy the relatively generous federal pleading standards for a fabrication of evidence claim. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). The Court therefore dismisses Knockum's fabrication of evidence claim.

Knockum's other claims also do not survive Defendants' motion to dismiss. To state a conspiracy claim under § 1983, a plaintiff must allege that (1) the defendants reached an agreement to deprive him of his constitutional rights and (2) the defendants took overt acts in furtherance of actually depriving him of those rights. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (citing *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). A plaintiff cannot state a conspiracy claim without an underlying constitutional violation. *See Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (for a conspiracy claim, a plaintiff "must show an underlying constitutional violation and demonstrate that the defendants agreed to inflict the constitutional harm" (citation omitted) (internal quotation marks omitted)); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("We note at the outset that conspiracy is not an independent basis of liability in § 1983 actions."). In light of the pleading deficiencies related to his fabrication of evidence claim, Knockum also cannot proceed with his conspiracy claim at this time. Finally, the Court dismisses Knockum's indemnification claim, given that he has not currently pleaded a viable claim against the Defendant Officers.

      Because Knockum has not sufficiently alleged his claims, the Court grants Defendants' motion to dismiss and dismisses the first amended complaint without prejudice.

Date: February 17, 2026                          /s/ Sara L. Ellis